**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL FERNANDEZ, | No. 16-55471 |
| Plaintiff-Appellee, | D.C. No. 8:15-cv-00021-JLS-DFM |
| v. | |
| CALIFORNIA HIGHWAY PATROL, an agency of the State of California; DANIEL HOWARD, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:  KELLY,[**] CALLAHAN, and BEA, Circuit Judges.

On the night of September 20, 2013, Officer Daniel Howard ("Howard"), of

the California Highway Patrol ("CHP"), stopped Daniel Fernandez ("Fernandez")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

for driving on southbound Interstate 5 at excessive speed—at 120 mph, almost twice the speed limit—and for splitting lanes, impounded his motorcycle (because Fernandez did not have the appropriate driver's license), and released him. Fernandez sued Howard and the CHP under the Fourteenth Amendment's Due Process Clause, which 42 U.S.C. § 1983 renders actionable, and California's negligence law. Howard and the CHP moved for summary judgment on the basis of qualified immunity.

The district court denied summary judgment, holding that there are genuine issues of material fact as to whether Howard endangered Fernandez's safety and whether Howard was deliberately indifferent towards Fernandez. Howard appeals from the denial of summary judgment, asserting qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, as construed by the collateral-order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

An official defendant loses his qualified immunity only if: (1) the defendant violated a plaintiff's legal rights; and (2) those rights were clearly established when the violation occurred so that a reasonable officer had notice that he was acting unlawfully. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Under *Woods v. Ostrander*, 879 F.2d 583 (9th Cir. 1989), an officer may not be entitled to qualified immunity if the plaintiff was released into a "known or obvious danger." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011)

2

(citations and internal quotation marks omitted). However, we hold that in this case the uncontested facts show that a reasonable officer would not have had notice that he was releasing Fernandez into a dangerous situation. Fernandez was released after waiting some time for the tow truck, on a surface street, around 10:00 p.m., within walking distance of open commercial establishments. Fernandez told Howard that he lived nearby and would walk home. Moreover, Fernandez, who told Howard that he was sober, walked a mile from where he was released and onto a freeway before he came to harm. The undisputed facts show that "as a reasonable officer [Howard] could have believed his actions toward [Fernandez] were constitutional." *Woods*, 879 F.2d at 591. This remains true even if Howard's actions violated a constitutional right belonging to Fernandez, an issue we need not, and do not, reach. *Pearson*, 555 U.S. at 236—37 (discouraging "substantial expenditure of scarce judicial resources on difficult questions that have no effect on the outcome of the case.").

Accordingly, Howard is entitled to qualified immunity on the § 1983 claim. The district court's denial of summary judgment on this claim is **REVERSED** and this matter is **REMANDED** to the district court for further proceedings consistent with our disposition.